Matter of Aiden N.S.G. (Lynelle F.) (2023 NY Slip Op 03785)

Matter of Aiden N.S.G. (Lynelle F.)

2023 NY Slip Op 03785

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2022-07893
2022-07895
 (Docket Nos. B-282-21, B-284-21)

[*1]In the Matter of Aiden N. S. G. (Anonymous). Mercyfirst, respondent; Lynelle F. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Amiaya N. C. D. (Anonymous). Mercyfirst, respondent; Lynelle F. (Anonymous), appellant. (Proceeding No. 2.)

Paul W. Matthews, Staten Island, NY, for appellant.
Ira L. Eras, P.C., Brooklyn, NY, for respondent.
Ronna L. DeLoe, Larchmont, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from two orders of disposition of the Family Court, Richmond County (Alison Hamanjian, J.) (one as to each child), both dated August 10, 2022. The orders of disposition, insofar as appealed from, after fact-finding and dispositional hearings, and upon an order of fact-finding of the same court dated January 31, 2022, terminated the mother's parental rights and transferred guardianship and custody of the subject children to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.
ORDERED that the orders of disposition are affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced these proceedings pursuant to Social Services Law § 384-b to terminate the mother's parental rights to the subject children on the ground of permanent neglect. After fact-finding and dispositional hearings, the Family Court found that the mother had permanently neglected the children, terminated her parental rights, and transferred custody and guardianship of the children to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption. The mother appeals.
The Family Court properly found that the mother permanently neglected the children. The petitioner established, by clear and convincing evidence, that it made diligent efforts to encourage and strengthen the parental relationship by issuing numerous referrals for the mother to [*2]submit to drug testing, referring the mother to an inpatient drug treatment program, and repeatedly reminding her of the importance of complying with her service plan (see id. § 384-b[7][a]; Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 429). Despite these efforts, the mother failed to plan for the children's future by failing to comply with the overwhelming majority of drug testing referrals and failing to enroll in inpatient treatment. Moreover, the mother tested positive for illegal drugs twice. She also failed to stay in regular contact with the designated caseworker, and to notify the petitioner of changes in her residence (see Matter of Jacqueline E.S.B. [Daniel B.], 160 AD3d 828, 829; Matter of Laura F., 48 AD3d 812, 812).
The Family Court also properly determined that it was in the best interests of the children to terminate the mother's parental rights and to free the children for adoption (see Family Ct Act § 631; Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d at 430-431).
DILLON, J.P., BARROS, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court